## COMMONWEALTH *vs.* GIDEON W. NASON.

An indictment charging a false pretence that a false coin was a good and current gold coin, and that the person to whom the pretence was made, being deceived thereby, was thereby induced to receive the same as a good and current gold coin, and to deliver to the defendant in exchange therefor certain bank bills and silver coin, described, sets forth the contract with sufficient certainty.

INDICTMENT on Rev. Sts. *c.* 126, § 32, alleging that the defendant on the 4th of October 1856 at Lowell, " devising and intending by unlawful ways and means to obtain and get into his hands and possession the goods, merchandise, chattels, effects and personal property of the honest and good citizens of this commonwealth, and with intent then and there to cheat and defraud, did then and there unlawfully, knowingly and designedly, falsely pretend and represent to one Abel Parker that a certain metallic medal and substance, which he the said Gideon W. Nason then and there had, was a good and current gold coin, called an eagle, of the gold coin current in the commonwealth aforesaid by the laws and usages thereof, and was then and there of the value of ten dollars ; and the said Gideon W. Nason did then and there deliver said metallic medal and substance to the said Abel Parker as and for a good and current gold coin of the money current in said commonwealth and of the value of ten dollars. And the said Abel Parker, then and there believing the said false pretences and representations, so made as aforesaid by the said Gideon W. Nason, and being then and there deceived thereby, was then and there induced by reason of the false pretences and representations so made as aforesaid to receive the said metallic medal and substance as and for a good and current gold coin current in said commonwealth by the laws and usages thereof, called an eagle ; and was induced by the false pretences and representations, so by the said Gideon W. Nason then and there made as aforesaid, to deliver and did then and there deliver to the said Gideon W. Nason, in exchange for said metallic medal and substance, sundry bank bills current in said commonwealth by the laws and

usages thereof, amounting together to the sum of nine dollars and then and there of the value of nine dollars, and sundry pieces of silver coin current in said commonwealth by the laws and usages thereof, amounting together to seventy cents and then and there of the value of seventy cents, of the moneys of him the said Abel Parker. And the said Gideon W. Nason did then and there unlawfully, knowingly and designedly receive and obtain the said moneys of the said Abel Parker by means of the false pretences and representations aforesaid, and with intent then and there to cheat and defraud the said Abel Parker of the said moneys. Whereas in truth and fact the said metallic medal and substance was not then and there a good and current gold coin called an eagle, of the gold coin current in said commonwealth by the laws and usages thereof, and was not then and there of the value of ten dollars, but was then and there of little value, to wit, of the value of five cents, all which he the said Gideon W. Nason then and there well knew." And that the defendant by means of said false pretences received the said moneys of said Parker, with intent to defraud him of the same.

The defendant, being convicted in the court of common pleas, moved in arrest of judgment, that no offence was alleged in the indictment. *Sanger,* J. overruled the motion, and the defendant excepted.

*W. S. Gardner,* for the defendant. This indictment does not set forth any bargain between Parker and the defendant, and offer or request to exchange property or money between them, or any inducement held out by the defendant to Parker to part with his goods or money. Judgment must therefore be arrested. *Commonwealth* v. *Strain,* 10 Met. 521.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

SHAW, C. J. This indictment is good. It sets forth an exchange, which is not only a contract, but a contract executed, like a sale. It is distinguishable in this respect from *Commonwealth* v. *Strain,* relied on by the defendant.

*Exceptions overruled.*